**16BT-CV01827**

Electronically Filed - Butler - August 01, 2016 - 04:43 PM

IN THE CIRCUIT COURT OF BUTLER COUNTY, MISSOURI

| | |
|---|---|
| CANE CREEK SOD, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. _____ |
| | ) |
| MEDALIST GOLF, INC., | ) |
| | ) |
| Defendant. | ) |

## PETITION

### COMMON ALLEGATIONS

1. Cane Creek Sod, LLC ("Cane Creek") is a limited liability company organized under the laws of the State of Missouri, with its principal office located at 2179 County Road 321, Poplar Bluff, Missouri.

2. Medalist Golf, Inc. ("Medalist") is a corporation organized under the laws of the State of Georgia, with its principal office located at 327 Dahlonega Street, Suite 1005, Cumming, Georgia.

3. This case arises out of an agreement and promise to sell and purchase Meyer Zoysia Sod in connection with that project commonly known as the "Gary Player Designed Golf Course at Big Cedar Lodge."

4. On February 18, 2016, the parties entered into a contract titled Grass Supplier Agreement between Cane Creek and Medalist Golf, wherein Cane Creek agreed to sell to Medalist, and Medalist to purchase from Cane Creek, Meyer Zoysia Sod in a quantity estimated at 914,760 square feet, at a cost of $0.3233 per square foot, and with scheduled payments to be made on the 20th day of each month.

5. At all times relevant hereto, Cane Creek executed the Grass Supplier Agreement in the State of Missouri, the Grass Supplier Agreement concerned grass growing in Butler County, Missouri, and further called for the parties' performance to be completed in Missouri.

EXHIBIT A

Electronically Filed - Butler - August 01, 2016 - 04:43 PM

6. On June 27, 2016 Medalist informed Cane Creek that they intended to start sodding the week of July 11th.

7. On July 14, 2016, and at approximately 11:55 a.m., Medalist ordered 2 loads of Meyer Zoysia Sod for delivery on July 22, 2016.

8. On July 14, 2016, and at approximately 1:48 p.m., Medalist canceled the order, informing Cane Creek that Medalist was going with a different farm for the purchase of Meyer Zoysia Sod needed for the project.

9. On July 14, 2016, and at approximately 2:32 p.m., Medalist informed Cane Creek that a different farm would be used for the purchase of Meyer Zoysia Sod, and instructed Cane Creek they should attempt to mitigate damages by selling any Meyer Zoysia Sod dedicated to the project.

10. On July 18, 2016, Cane Creek informed Medalist that it considered Medalist's position as a final repudiation of the Grass Supplier Agreement.

## COUNT I – BREACH OF CONTRACT

11. Cane Creek hereby repeats and realleges as if fully set forth herein each of the allegations contained in numbered paragraphs 1 through 10 of this Petition.

12. At all times relevant hereto, Cane Creek was ready, willing and offered to sell Meyer Zoysia Sod to Medalist pursuant to the terms and specifications contained in the Grass Supplier Agreement.

13. Medalist has failed to comply with the Grass Supplier Agreement, has failed to purchase Meyer Zoysia Sod from Cane Creek, and Medalist informed that it would not be buying any Meyer Zoysia Sod from Cane Creek for the project.

14. Cane Creek has been damaged by Medalist's breach of the Grass Supplier Agreement in the amount equal to the profit it would have received from the sale of Meyer Zoysia Sod to Medalist under the Grass Supplier Agreement, an amount presently unliquidated but is estimated at

EXHIBIT A

$295,741.90, less costs; incidental and consequential losses resulting from said breach, and; attorney fees incurred herein.

**WHEREFORE** Cane Creek prays that it have and recover from Medalist for breach of contract, a judgment in an amount to be determined at trial, but exceeding any jurisdictional requirement of this Court, plus attorney fees under Missouri's Prompt Pay Act, together with prejudgment and post judgment interest thereon, and for any other and further relief as the Court deems just and proper in the premises.

## COUNT II – PROMISSORY ESTOPPEL

15. Cane Creek hereby repeats and realleges as if fully set forth herein each of the allegations contained in numbered paragraphs 1 through 10 of this Petition.

16. Prior to the execution of the Grass Supplier Agreement, Cane Creek, at Medalist's request, submitted a bid to Medalist for the sale of Meyer Zoysia Sod in connection with the project.

17. On February 10, 2016, Cane Creek informed Medalist that it needed an answer as to their bid so as to plan for other Meyer Zoysia Sod sales during the 2016 crop year.

18. On February 16, 2016, Medalist informed Cane Creek that it intended to purchase Meyer Zoysia Sod from Cane Creek, and instructed Cane Creek not to "sell it to anyone else."

19. On February 16, 2016, Cane Creek informed Medalist that it had "locked in" the Meyer Zoysia Sod needed for the project, and thereafter discontinued efforts to sell that Meyers Zoysia Sod estimated for the project during the 2016 crop year.

20. Medalist could reasonably foresee the precise action Cane Creek took in reliance upon Medailist's February 16, 2016 promise.

21. That as a direct and proximate result of Cane Creek's reliance, Cane Creek has been damaged in an amount equal to the lost profits which would have been realized Cane Creek from the sale of

Electronically Filed - Butler - August 01, 2016 - 04:43 PM

EXHIBIT A

Electronically Filed - Butler - August 01, 2016 - 04:43 PM

the Meyers Zoysia Sod reserved in Cane Creek's 2016 crop year inventory for the project; incidental and consequential losses resulting from Cane Creek's reliance, and; attorney fees incurred herein.

22. Injustice can only be avoided by enforcement of this promise.

**WHEREFORE** Cane Creek prays in the alternative to Count I, that it have and recover from Medalist for breach of contract, a judgment in an amount to be determined at trial, but exceeding any jurisdictional requirement of this Court, plus attorney fees under Missouri's Prompt Pay Act, together with prejudgment and post judgment interest thereon, and for any other and further relief as the Court deems just and proper in the premises.

Respectfully submitted,

KENNEDY, KENNEDY, ROBBINS & YARBRO, LC

/s/ Christopher L. Yarbro

---

Christopher L. Yarbro #56659
1165 Cherry Street
P. O. Box 696
Poplar Bluff, MO 63902
Telephone:    (573) 686-2459
Telefax:      (573) 686-7822
chris@kkrylawfirm.com

ATTORNEY FOR PLAINTIFF
CANE CREEK SOD, LLC

EXHIBIT A



# IN THE 36TH JUDICIAL CIRCUIT COURT, BUTLER COUNTY, MISSOURI

| Judge or Division:<br>MICHAEL MARTIN PRITCHETT | Case Number: 16BT-CV01827 |
|---|---|
| Plaintiff/Petitioner:<br>CANE CREEK SOD<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>CHRISTOPHER L YARBRO<br>1165 CHERRY STREET<br>P O BOX 696<br>POPLAR BLUFF, MO  63902 |
| Defendant/Respondent:<br>MEDALIST GOLF, INC. | Court Address:<br>100 N MAIN ST<br>POPLAR BLUFF, MO  63901 |
| Nature of Suit:<br>CC Breach of Contract | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   MEDALIST GOLF, INC.
Alias:
C/O CORPORATION SERVICE COMPAN
40 TECHNOLOGY PARKWAY SOUTH
NORCROSS, GA  30092

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**BUTLER COUNTY**

_____8/2/2016_____          _____/s/ Paula Rhodes_____
            Date                                 Clerk
Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server     Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                  ☐ the judge of the court of which affiant is an officer.
                  ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                    (use for out-of-state officer)
                  ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

**Service Fees, if applicable**
Summons    $_____
Non Est    $_____
Mileage    $_____ ( _____ miles @ $_____ per mile)
Total      $_____

See the following page for directions to clerk and to officer making return on service of summons.

**EXHIBIT A**

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

**EXHIBIT A**

IN THE CIRCUIT COURT OF BUTLER COUNTY, MISSOURI

CHRIS WILLIAMS d/b/a )
CANE CREEK SOD, )
 )
       Plaintiff, )
 )
vs. ) Case No. 16BT-CV01827
 )
MEDALIST GOLF, INC., )
 )
       Defendant. )

## FIRST AMENDED PETITION

### COMMON ALLEGATIONS

1. Plaintiff Chris Williams, is a is a resident of the State of Missouri, County of Butler, residing at 2179 County Road 321, Poplar Bluff, Missouri, doing business under the fictitious name Cane Creek Sod.

2. Medalist Golf, Inc. ("Medalist") is a corporation organized under the laws of the State of Georgia, with its principal office located at 327 Dahlonega Street, Suite 1005, Cumming, Georgia.

3. This case arises out of an agreement and promise to sell and purchase Meyer Zoysia Sod in connection with that project commonly known as the "Gary Player Designed Golf Course at Big Cedar Lodge."

4. On February 18, 2016, the parties entered into a contract titled Grass Supplier Agreement between Plaintiff and Medalist Golf, Inc., wherein Plaintiff agreed to sell to Medalist, and Medalist to purchase from Plaintiff, Meyer Zoysia Sod in a quantity estimated at 914,760 square feet, at a cost of $0.3233 per square foot, and with scheduled payments to be made on the 20th day of each month.

5. At all times relevant hereto, Plaintiff executed the Grass Supplier Agreement in the State of Missouri, the Grass Supplier Agreement concerned grass growing in Butler County, Missouri, and further called for the parties' performance to be completed in Missouri.

EXHIBIT A

6. On June 27, 2016 Medalist informed Plaintiff that they intended to start sodding the week of July 11th.

7. On July 14, 2016, and at approximately 11:55 a.m., Medalist ordered 2 loads of Meyer Zoysia Sod for delivery on July 22, 2016.

8. On July 14, 2016, and at approximately 1:48 p.m., Medalist canceled the order, informing Plaintiff that Medalist was going with a different farm for the purchase of Meyer Zoysia Sod needed for the project.

9. On July 14, 2016, and at approximately 2:32 p.m., Medalist informed Plaintiff that a different farm would be used for the purchase of Meyer Zoysia Sod, and instructed Plaintiff they should attempt to mitigate damages by selling any Meyer Zoysia Sod dedicated to the project.

10. On July 18, 2016, Plaintiff informed Medalist that it considered Medalist's position as a final repudiation of the Grass Supplier Agreement.

## COUNT I – BREACH OF CONTRACT

11. Plaintiff hereby repeats and realleges as if fully set forth herein each of the allegations contained in numbered paragraphs 1 through 10 of this Petition.

12. At all times relevant hereto, Plaintiff was ready, willing and offered to sell Meyer Zoysia Sod to Medalist pursuant to the terms and specifications contained in the Grass Supplier Agreement.

13. Medalist has failed to comply with the Grass Supplier Agreement, has failed to purchase Meyer Zoysia Sod from Plaintiff, and Medalist informed that it would not be buying any Meyer Zoysia Sod from Plaintiff for the project.

14. Plaintiff has been damaged by Medalist's breach of the Grass Supplier Agreement in the amount equal to the profit it would have received from the sale of Meyer Zoysia Sod to Medalist under the Grass Supplier Agreement, an amount presently unliquidated but is estimated at $295,741.90,

EXHIBIT A

less costs; incidental and consequential losses resulting from said breach, and; attorney fees incurred herein.

**WHEREFORE** Plaintiff prays that he have and recover from Medalist for breach of contract, a judgment in an amount to be determined at trial, but exceeding any jurisdictional requirement of this Court, plus attorney fees under Missouri's Prompt Pay Act, together with prejudgment and post judgment interest thereon, and for any other and further relief as the Court deems just and proper in the premises.

### COUNT II – PROMISSORY ESTOPPEL

15. Plaintiff hereby repeats and realleges as if fully set forth herein each of the allegations contained in numbered paragraphs 1 through 10 of this Petition.

16. Prior to the execution of the Grass Supplier Agreement, Plaintiff, at Medalist's request, submitted a bid to Medalist for the sale of Meyer Zoysia Sod in connection with the project.

17. On February 10, 2016, Plaintiff informed Medalist that it needed an answer as to their bid so as to plan for other Meyer Zoysia Sod sales during the 2016 crop year.

18. On February 16, 2016, Medalist informed Plaintiff that it intended to purchase Meyer Zoysia Sod from Plaintiff, and instructed Plaintiff not to "sell it to anyone else."

19. On February 16, 2016, Plaintiff informed Medalist that it had "locked in" the Meyer Zoysia Sod needed for the project, and thereafter discontinued efforts to sell that Meyers Zoysia Sod estimated for the project during the 2016 crop year.

20. Medalist could reasonably foresee the precise action Plaintiff took in reliance upon Medailist's February 16, 2016 promise.

21. That as a direct and proximate result of Plaintiff's reliance, Plaintiff has been damaged in an amount equal to the lost profits which would have been realized Plaintiff from the sale of the

EXHIBIT A

Meyers Zoysia Sod reserved in Plaintiff's 2016 crop year inventory for the project; incidental and consequential losses resulting from Plaintiff's reliance, and; attorney fees incurred herein.

22. Injustice can only be avoided by enforcement of this promise.

**WHEREFORE** Plaintiff prays in the alternative to Count I, that he have and recover from Medalist for breach of contract, a judgment in an amount to be determined at trial, but exceeding any jurisdictional requirement of this Court, plus attorney fees under Missouri's Prompt Pay Act, together with prejudgment and post judgment interest thereon, and for any other and further relief as the Court deems just and proper in the premises.

Respectfully submitted,

KENNEDY, KENNEDY, ROBBINS & YARBRO, LC

/s/ Christopher L. Yarbro
_____

Christopher L. Yarbro #56659
1165 Cherry Street
P. O. Box 696
Poplar Bluff, MO  63902
Telephone:      (573) 686-2459
Telefax:             (573) 686-7822
chris@kkrylawfirm.com

ATTORNEY FOR PLAINTIFF
CHRIS WILLIAMS d/b/a CANE CREEK SOD

EXHIBIT A

IN THE CIRCUIT COURT OF BUTLER COUNTY, MISSOURI

| | | |
|---|---|---|
| CANE CREEK SOD, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16BT-CV01827 |
| | ) | |
| MEDALIST GOLF, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO DISMISS AS TO PLAINTIFF CANE CREEK SOD, LLC, AND JOIN CHRIS WILLIAMS AS PLAINTIFF**

1. The Petition within the above captioned matter was filed with this court on August 1, 2016.

2. The undersigned counsel inadvertently named and joined Cane Creek Sod, LLC as Plaintiff. Cane Creek Sod, LLC, is not a proper Plaintiff in this action. Rather, the proper Plaintiff is Chris Williams, d/b/a Cane Creek Sod, a fictitious name.

3. Attached hereto is a First Amended Petition which removes Cane Creek Sod, LLC as a party plaintiff, joins Chris Williams as the property party Plaintiff

WHEREFORE, Chris Williams prays that this Court grant leave for filing the First Amended Petition; dismissing and removing Cane Creek Sod, LLC, as a party Plaintiff; adding Chris Williams d/b/a Cane Creek Sod as the proper Plaintiff, and; for any other and further relief as the Court deems just and proper herein.

Respectfully submitted,

KENNEDY, KENNEDY, ROBBINS & YARBRO, LC

/s/ Christopher L. Yarbro

---

Christopher L. Yarbro    #56659
1165 Cherry Street
P. O. Box 696
Poplar Bluff, MO  63902
Telephone:    (573) 686-2459
Telefax: (573) 686-7822
chris@kkrylawfirm.com
ATTORNEY FOR PLAINTIFF

EXHIBIT A

Electronically Filed - Butler - August 02, 2016 - 11:19 AM

IN THE CIRCUIT COURT OF BUTLER COUNTY, MISSOURI

| | |
|---|---|
| CANE CREEK SOD, LLC | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 16BT-CV01827 |
| MEDALIST GOLF, INC., | ) |
| Defendant. | ) |

### ORDER

NOW ON THIS ____ day of August, 2016, this Court, having been presented with the Motion to Dismiss as Plaintiff Cane Creek Sod, LLC, and Join Chris Williams as Plaintiff, does enter this Order sustaining the same, dismissing Cane Creek Sod, LLC, as Plaintiff, and joinging Chris Williams d/b/a Cane Creek Sod as Plaintiff, all pursuant to the First Amended Petition filed herein of like date.

_____
HON. MICHAEL M. PRITCHETT
JUDGE OF THE CIRCUIT COURT
BUTLER COUNTY, MISSOURI

SO ORDERED:_____

EXHIBIT A

Electronically Filed - Butler - August 02, 2016 - 11:19 AM

IN THE CIRCUIT COURT OF BUTLER COUNTY, MISSOURI

| | | |
|---|---|---|
| CANE CREEK SOD, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16BT-CV01827 |
| | ) | |
| MEDALIST GOLF, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO DISMISS AS TO PLAINTIFF CANE CREEK SOD, LLC, AND JOIN CHRIS WILLIAMS AS PLAINTIFF**

1. The Petition within the above captioned matter was filed with this court on August 1, 2016.

2. The undersigned counsel inadvertently named and joined Cane Creek Sod, LLC as Plaintiff. Cane Creek Sod, LLC, is not a proper Plaintiff in this action. Rather, the proper Plaintiff is Chris Williams, d/b/a Cane Creek Sod, a fictitious name.

3. Attached hereto is a First Amended Petition which removes Cane Creek Sod, LLC as a party plaintiff, joins Chris Williams as the property party Plaintiff

WHEREFORE, Chris Williams prays that this Court grant leave for filing the First Amended Petition; dismissing and removing Cane Creek Sod, LLC, as a party Plaintiff; adding Chris Williams d/b/a Cane Creek Sod as the proper Plaintiff, and; for any other and further relief as the Court deems just and proper herein.

Respectfully submitted,

SO ORDERED.

KENNEDY, KENNEDY, ROBBINS & YARBRO, LC

August 3, 2016

/s/ Christopher L. Yarbro

Christopher L. Yarbro   #56659
1165 Cherry Street
P. O. Box 696
Poplar Bluff, MO  63902
Telephone:   (573) 686-2459
Telefax: (573) 686-7822
chris@kkrylawfirm.com
ATTORNEY FOR PLAINTIFF

EXHIBIT A

Electronically Filed - Butler - August 02, 2016 - 11:19 AM

IN THE CIRCUIT COURT OF BUTLER COUNTY, MISSOURI

| | | |
|---|---|---|
| CANE CREEK SOD, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16BT-CV01827 |
| | ) | |
| MEDALIST GOLF, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO DISMISS AS TO PLAINTIFF CANE CREEK SOD, LLC, AND JOIN CHRIS WILLIAMS AS PLAINTIFF**

1. The Petition within the above captioned matter was filed with this court on August 1, 2016.

2. The undersigned counsel inadvertently named and joined Cane Creek Sod, LLC as Plaintiff. Cane Creek Sod, LLC, is not a proper Plaintiff in this action. Rather, the proper Plaintiff is Chris Williams, d/b/a Cane Creek Sod, a fictitious name.

3. Attached hereto is a First Amended Petition which removes Cane Creek Sod, LLC as a party plaintiff, joins Chris Williams as the property party Plaintiff

WHEREFORE, Chris Williams prays that this Court grant leave for filing the First Amended Petition; dismissing and removing Cane Creek Sod, LLC, as a party Plaintiff; adding Chris Williams d/b/a Cane Creek Sod as the proper Plaintiff, and; for any other and further relief as the Court deems just and proper herein.

Respectfully submitted,

KENNEDY, KENNEDY, ROBBINS & YARBRO, LC

/s/ Christopher L. Yarbro

Christopher L. Yarbro   #56659
1165 Cherry Street
P. O. Box 696
Poplar Bluff, MO  63902
Telephone:   (573) 686-2459
Telefax: (573) 686-7822
chris@kkrylawfirm.com
ATTORNEY FOR PLAINTIFF

EXHIBIT A

Electronically Filed - Butler - August 02, 2016 - 11:19 AM

IN THE CIRCUIT COURT OF BUTLER COUNTY, MISSOURI

| | | |
|---|---|---|
| CANE CREEK SOD, LLC | ) | |
| | ) | **CINDI BOWMAN** |
| Plaintiff, | ) | **CIRCUIT CLERK** |
| | ) | **08/03/2016** |
| vs. | ) Case No. 16BT-CV01827 | **FILED** |
| | ) | |
| MEDALIST GOLF, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

NOW ON THIS 3rd day of August, 2016, this Court, having been presented with the Motion to Dismiss as Plaintiff Cane Creek Sod, LLC, and Join Chris Williams as Plaintiff, does enter this Order sustaining the same, dismissing Cane Creek Sod, LLC, as Plaintiff, and joining Chris Williams d/b/a Cane Creek Sod as Plaintiff, all pursuant to the First Amended Petition filed herein of like date.

_____
HON. MICHAEL M. PRITCHETT
JUDGE OF THE CIRCUIT COURT
BUTLER COUNTY, MISSOURI

SO ORDERED: August 3, 2016

EXHIBIT A



# KENNEDY
# KENNEDY
# ROBBINS &
# YARBRO, LC

MARK A. KENNEDY Of Counsel
DOUGLAS R. KENNEDY*
SCOTT A. ROBBINS*
CHRISTOPHER L. YARBRO*
SAMANTHA PENNINGTON EVANS•
LUKE M. HENSON*+
*Also Licensed in Arkansas
•Also Licensed in Illinois
+Also Licensed in Mississippi

Electronically Filed - Butler - August 05, 2016 - 01:16 PM

August 5, 2016

Butler County Circuit Court
Via E-Filing

      Re: Chris Williams v. Medalist Golf, Inc.;
        Case No. 16BT-CV01827

Dear Clerk:

 As you will note upon review of the above referenced matter, an Order allowing our First Amended Petition has recently been entered in this matter. As such, I would ask that you withdraw the previous Summons, and provide a summons with the correct party names.

 Thank you for your kind attention to this matter. If you have any questions, please do not hesitate to contact my office.

        Sincerely.

        /s/ Chris Yarbro

1165 Cherry St.,      Phone: (573)686-2459      chris@kkrylawfirm.com
Poplar Bluff, MO 63901    Fax: (573)686-7822

                                 EXHIBIT A



## IN THE 36TH JUDICIAL CIRCUIT COURT, BUTLER COUNTY, MISSOURI

| Judge or Division:<br>MICHAEL MARTIN PRITCHETT | Case Number: 16BT-CV01827 | |
|---|---|---|
| Plaintiff/Petitioner:<br>CHRIS WILLIAMS<br>DBA CANE CREEK SOD<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>CHRISTOPHER L YARBRO<br>1165 CHERRY STREET<br>P O BOX 696<br>POPLAR BLUFF, MO 63902 | |
| Defendant/Respondent:<br>MEDALIST GOLF, INC. | Court Address:<br>100 N MAIN ST<br>POPLAR BLUFF, MO 63901 | |
| Nature of Suit:<br>CC Breach of Contract | | (Date File Stamp) |

### Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: MEDALIST GOLF, INC.
                     Alias:
C/O CORPORATION SERVICE COMPAN
40 TECHNOLOGY PARKWAY SOUTH
NORCROSS, GA 30092

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

08/05/2016 _____  _____ D.C.
       Date                              Clerk

**BUTLER COUNTY**  Further Information:

### Officer's or Server's Affidavit of Service
I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____       _____
Printed Name of Sheriff or Server     Signature of Sheriff or Server

     Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
     I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                       ☐ the judge of the court of which affiant is an officer.
(Seal)                 ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                         (use for out-of-state officer)
                       ☐ authorized to administer oaths. (use for court-appointed server)

                                                         _____
                                                         Signature and Title

**Service Fees, if applicable**
Summons    $_____
Non Est    $_____
Mileage    $_____ (_____ miles @ $ _____ per mile)
Total      $_____
See the following page for directions to clerk and to officer making return on service of summons.

**EXHIBIT A**

### Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

**EXHIBIT A**